# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
     UNITED STATES OF AMERICA,      )
 4                                  )
                      Plaintiff,    )
 5                                  )
     -vs-                           )   Case No. 16 CR 590
 6                                  )
     MARCO PROANO,                  )   Chicago, Illinois
 7                                  )   November 8, 2016
                      Defendant.    )   10:30 a.m.
 8
                       TRANSCRIPT OF PROCEEDINGS
 9               BEFORE THE HONORABLE GARY FEINERMAN

10
     APPEARANCES:
11
     For the Government:       HON. ZACHARY T. FARDON
12                             UNITED STATES ATTORNEY
                          BY:  MS. GEORGIA N. ALEXAKIS
13                             MS. ERIKA L. CSICSILA
                               219 South Dearborn Street, Suite 500,
14                             Chicago, Illinois   60604
                               (312)353-5300
15

16
     For the Defendant:        LAW OFFICES OF DANIEL Q. HERBERT
17                         BY: MR. DANIEL Q. HERBERT
                               206 South Jefferson Street
18                             Suite 100
                               Chicago, Illinois   60661
19                             (312) 655-7660

20

21
     Court Reporter:
22
                     CHARLES R. ZANDI, CSR, RPR, FCRR
23                        Official Court Reporter
                        United States District Court
24               219 South Dearborn Street, Room 2128
                         Chicago, Illinois   60604
25                     Telephone:   (312) 435-5387
                 email:  Charles_zandi@ilnd.uscourts.gov
```

1    government -- and I'm not implying anything underhanded on the
2    government's part, but if the government were able to prove
3    that an injury -- a separate injury sustained during the
4    course of the arrest was -- results in bodily injury, then
5    even if the shots were found to be not unreasonable, then they
6    could still proceed and be victorious based upon that other
7    injury, if that makes sense.
8            THE COURT: I understand what you're saying. I'm not
9    sure it's even a theoretical possibility. Let me ask the
10   government for its thoughts.
11           MS. ALEXAKIS: Your Honor, I believe -- I thought
12   that the government had settled this with the defendant last
13   week, but we represented in a telephone conversation with the
14   defendant, and we can say it for the record as well, that the
15   government's -- that the bodily injuries at issue here are the
16   gunshot wounds, that those are the bodily injuries that the
17   government intends to prove at trial, and that with respect to
18   the use of force, the government's position is that all
19   16 shots fired by the defendant represented an unreasonable
20   use of force.
21           MR. HERBERT: And that satisfies me with respect to
22   that, Judge.
23           THE COURT: Okay.
24           MR. HERBERT: But I guess there's one other portion,
25   though. In light of the circumstances in this case, I still

believe that the charges need to be more specific, and I'll explain why briefly, Judge.

As you know, my client is a Chicago police officer. The night in question, he was on duty working as a Chicago police officer. The police department policy, as well as state law, gives police officers the authority to use force to effect an arrest, gives police officers the authority to use deadly force to prevent escape when someone is using a deadly weapon, such as a vehicle. It also allows them to use deadly force in protection of others.

So, I think it needs to be cleared up. If the law and the department policy do not prohibit and more specifically allow for the conduct of Mr. Proano, I think that the government needs to identify what actions were unreasonable in light of the laws and the policy in place.

THE COURT: Is the answer the 16 gunshots?

MS. ALEXAKIS: Yes, your Honor. There's a disagreement as to whether or not the use of force was in accordance with the policy and the law.

MR. HERBERT: Well, I guess my only -- and I tried to look up a little support for this, and there wasn't, but if -- Marco Proano's already put his defense out there. It's certainly not a secret. But he was -- he fired at the driver of the vehicle because he feared for the life of other people, specifically, the individual that was hanging outside of the

1 vehicle.

2 It's our position that that's within the law. That's
3 within the policy. So, I think that the government needs to
4 include in the indictment or it needs to go to the jury at
5 some point that Marco Proano's belief that firing at the
6 driver to protect the life of Individual C, who was hanging
7 outside of the car, was not reasonable.

8 THE COURT: Right. You said it needs to be in the
9 indictment or it needs to go to the jury, and those are two
10 very different things. And on going to the jury, I'll have to
11 see what the law says, and I'll have to see what both parties
12 argue; but it seems that the argument you're making either
13 goes to the elements of the defense or may be an affirmative
14 defense. And I haven't looked at it, so I can't speak one way
15 or the other to that.

16 But that's something that I don't think needs to
17 be -- without having any authority provided, it's something
18 that does not need to be in the indictment; but it may very
19 well be something that needs to be in the jury instructions,
20 but I don't know.

21 What I do know -- again, maybe there's authority out
22 there, and I'm happy to revisit this issue if you come up with
23 authority; but my understanding is that that level of detail
24 does not need to be in the indictment for purposes of a bill
25 of particulars.