# EXHIBIT 1

**Dan Herbert**
___

**From:** Alexakis, Georgia (USAILN)
**Sent:** Monday, November 7, 2016 1:02 PM
**To:** Dan Herbert (dan.herbert@danherbertlaw.com)
**Cc:** Csicsila, Erika (USAILN); Amanda Granadon
**Subject:** RE: Marco Proano

Dan,

In response to your email below:

1. We believe that the February 4, 2016, statement by Jonathan Morlock was produced at GJ-TRAN_004-000001 to GJ-TRAN_004-000024. This is testimony Officer Morlock provided to the grand jury. Officer Morlock was also interviewed by IPRA on December 23, 2013; that interview was produced at IPRA-JM_001-000002 to IPRA-JM_001-000024. The consent form to which you refer is Officer Morlock's consent to allow the government to review his statement to IPRA. The consent form was produced twice: at IPRA-JM_001-000001 and WVR_001_000003. If you are missing any of these documents, please let us know and we will produce promptly.

2. With respect to the bill of particulars, the government informed you during our November 3, 2016, telephone conversation that it our position that all 16 shots fired by defendant on December 22, 2013, constituted an unreasonable use of force in violation of the victims' constitutional rights. Based on that representation – as well our position that the indictment on its face sufficiently apprises defendant of the charges against him so as to enable adequate trial preparation – the government does not believe that a bill of particulars in this matter is necessary.

3. With respect to the issue of redacted discovery, the government will continue to abide by its policy to not, at this time, provide the last names, home addresses, and DOB's of any minor victims and witnesses. In response to your concern that without this information, the defendant cannot adequately prepare for trial, the government states as follows:

   a. Victim A and Victim B (David and Delquantis) are represented in this matter by an attorney, Timothy Fiscella. The government was able to interview David and Delquantis only by working through Mr. Fiscella and do not believe the defendant is unreasonably burdened by having to do the same. In addition, information regarding the parents of David and Delquantis is included in the discovery in this matter, and so the defendant can locate the minors through the parents.

   b. There were six other minors in the vehicle either shortly before the December 22, 2013, shooting, or during the shooting itself. It is the government's understanding that two of these minors (Travon and Malik) are now deceased. The remaining minors are Kevon, Mya, Jaquon, and Delton. The discovery produced by the government contains un-redacted information reflecting the names of these minors' parents. Defendant can therefore use this information to contact the minors. The government notes that Delquantis and Delton are siblings, and so defendant may be able to contact both minors through the same attorney or parent.

1

    c. Finally, the government reiterates its earlier expressed position that if defendant is unsuccessful in contacting the minors through their attorney or parents, the government is also willing to reach out to the minors and help facilitate any interviews of them by defendant.

4. With respect to your motions that the government produce Rule 16 discovery and any *Jencks* and *Brady* material, during our November 3, 2016, telephone conversation, the government stated that at this time, it has produced any Rule 16 discovery as well as any *Jencks* material and any material that arguably constitutes *Brady* that is in its possession. The government recognizes its ongoing obligation to supplement discovery as new material becomes available or as changing circumstances warrant additional disclosures. As set forth in its October 5, 2016, letter to you, in return, the government requests all discovery from defendant to which the government is entitled pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, and 16, and Local Criminal Rule 16.1.

5. With respect to your motion that the Court set early deadlines for the exchange of witness and exhibit lists, as discussed, the government believes the parties should seek a trial date from the Court (and we can do so at tomorrow's status hearing) and then the parties can try to reach agreed-upon deadlines for the exchange of this information.

Please let me know if you have any questions. We'll see you tomorrow.

Georgia


Georgia Alexakis
Assistant United States Attorney
Northern District of Illinois
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 353-8897 (w)
georgia.alexakis@usdoj.gov

**From:** Dan Herbert [mailto:dan.herbert@danherbertlaw.com]
**Sent:** Friday, November 04, 2016 2:09 PM
**To:** Alexakis, Georgia (USAILN) <GAlexakis@usa.doj.gov>; Csicsila, Erika (USAILN) <ECsicsila@usa.doj.gov>
**Cc:** Amanda Granadon <amanda.granadon@danherbertlaw.com>
**Subject:** Marco Proano

Greetings,

I hope you two have survived "Cubbypalooza" as it seems you guys are at Ground Zero.

As you know, we discussed certain issues concerning the discovery and motions in this case. I informed you that it seems as though we were not given documents which are identified on the outline of discovery provided by your office. It appears that Jonathan Morlock provided some type of statement on February 4, 2016 (Bate stamp IPRA-JM 001-000001). We were provided only the consent form with the aforementioned bates stamp. Assuming that there is additional discovery concerning this, please provide this to us at your earliest convenience.

Also we spoke about the bill of particulars filed by defendant in this case. As I told you earlier, we are asking that the government specify which shot or shots fired by my client are alleged to be unlawful. It is necessary for our defense to know if we need to prepare a defense the firing of all 16 shots or specific shots within the 16 round volley.

Finally, I informed you that in order to properly prepare a defense for my client I would need unredacted discovery, specifically concerning the redactions of certain occurrence witnesses in this case. You informed that it was your office policy to redact names of minors and that you would be willing to contact these people on our behalf and ascertain if they would be willing to speak with us. We are not agreeable to your proposal. The defense is entitled to unredacted versions of all discovery in this case and we will seek court intervention if necessary. I understand your concern and your office's policy; however we believe we absolutely entitled to what we request in this situation.

I anticipate leaving the office shortly after sending this email. If you want to speak today or Monday that would be great.

Have a great weekend,

Dan

206 S. Jefferson, Suite 100
Chicago, IL 60661
312-655-7660

www.danherbertlaw.com



*The preceding e-mail message (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and contains information that may be confidential or protected by the attorney work product privilege. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.*