UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 16 CR 590 |
| v. | ) | |
| | ) | Honorable Gary Feinerman |
| MARCO PROANO | ) | |

**GOVERNMENT'S MOTION TO PRECLUDE DEFENDANT
FROM SUPPORTING HIS DECISION TO USE FORCE
WITH FACTS NOT KNOWN TO HIM AT THE TIME OF THE SHOOTING**

The UNITED STATES OF AMERICA, by and through JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, respectfully requests that this Court preclude defendant from attempting to explain and substantiate his decision to use force on December 22, 2013, by relying on facts not known to him at the time of the shooting.

**Background**

The evidence at trial will establish that on the evening of December 22, 2013, CPD Officers Kenneth Flaherty and Jonathan Morlock were patrolling near the intersection of 95th Street and LaSalle Street, in Chicago, when they encountered a Toyota vehicle with approximately eight passengers who appeared to be teenagers. The number and age of the Toyota's passengers, coupled with the fact that the Toyota appeared to have been speeding through an alley, prompted Officers Flaherty and Morlock to pull over the Toyota. As soon as they did so, the Toyota's driver fled the vehicle, and Officer Morlock chased after him.

Officer Flaherty called for assistance. According to a recording of his communications with the radio dispatch operator, Officer Flaherty said: "I need a car, 95 and LaSalle right now. I need it my partner's on foot. I think it's a stolen car." A short while later Officer Flaherty added: "I don't know where he went. My partner's on foot."

At the time, defendant was patrolling nearby, in a squad car with CPD Officer Guy Habiak. Having heard Officer Flaherty's call for assistance, either defendant or Officer Habiak told the dispatch operator that they were close enough to respond to Officer Flaherty's call for help. A short time later, one of the officers at the scene reported "[s]hots fired by the police" to the dispatch operator.

## Argument

To prove a violation of Section 242, the government must prove that defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendant faced. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Jurors are tasked with deciding the reasonableness of defendant's actions based on what the officer knew at the time of the incident, not based what came to light afterwards, if ever. *See Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546-47 (2017) ("Excessive force claims . . . are evaluated for objective reasonableness based upon the information the officers had when the conduct occurred.") (quoting *Saucier v. Katz,* 533 U.S. 194, 207 (2001)); *Graham*, 490 U.S. at 396 ("The 'reasonableness' of a particular use of force must be judged from the

2

perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014) (same).

Given this established law, defendant should not be permitted to explain, support, or otherwise substantiate his decision to use force by referencing information not known to him at the time of the shooting. The following is not intended to be an exhaustive list, but it contains examples of the type of evidence the government considers irrelevant to defendant's decision to use force because defendant did not have this information at the time he fired his gun.

- Evidence that Officers Flaherty and Morlock observed the Toyota speeding shortly before they pulled it over;

- Evidence that the Toyota—which Officers Flaherty and Morlock only reported that they suspected to be stolen—did, in fact, turn out to be stolen;

- Evidence that the driver of the Toyota, the individual who Officer Morlock chased, was eventually arrested, charged, and convicted of possessing a stolen motor vehicle;

- Evidence that any of the Toyota's passengers were later charged with any offenses arising out of the December 22, 2013, shooting;

- Evidence that any of the Toyota's passengers had a criminal history[1]; and

- Evidence that any of the Toyota's passengers have gang affiliations of any kind.[2]

---

[1] At the time of the shooting, none of the Toyota's passengers had any criminal convictions, juvenile or otherwise, although several of the Toyota's passengers had been arrested as juveniles. Besides being irrelevant to defendant's state of mind, evidence of these prior arrests is generally inadmissible under the rules of evidence. *See* Fed. R. Evid. 609(d) (allowing evidence of a juvenile *adjudication* under limited circumstances); *see also United States v. Sanchez*, No. 07 CR 0149, 2009 WL 5166230, at *9 (N.D. Ill. Dec. 22, 2009) ("[A]rrests absent convictions . . . , standing alone, are generally not admissible for impeachment.").

[2] The government has separately moved to exclude any evidence relating to gangs because there is (1) no evidence that any of the Toyota's passengers were gang members, that the theft of the Toyota was tied to a gang-related activity, or that defendant believed he was

None of this information was available to defendant at the time of the shooting, if ever, and therefore none of this information could have influenced defendant's decision to fire his gun. As a result, none of it is relevant to proving whether defendant used a reasonable amount of force on December 22, 2013, nor can it be relevant to defendant's state of mind when electing to use that force. *See United States v. Bradley*, 196 F.3d 762, 769-70 (7th Cir. 1999) (to violate Section 242, defendant must have acted with the specific intent to deprive victims of their constitutional rights).

In addition, because defendant's decision to use deadly force could not have been influenced by facts not known to him at the time of his shooting, the risk of unfair prejudice to the government as a result of arguments relating to any such information is especially high. The only purpose for introducing evidence along the lines of what is outlined above would be to cast defendant's victims, and the other passengers in the Toyota, in a critical light. Such evidence should therefore be excluded under Federal Rule of Evidence 403.

---

responding to a gang-related incident on December 22, 2013; and (2) because even if such evidence existed, it would be highly prejudicial. *See* Dkt. No. 77 at 6-7.

4

## **Conclusion**

For the reasons set forth above, the government respectfully requests that this Court grant its motion seeking to preclude defendant from attempting to explain his decision to use deadly force by relying on facts not known to him at the time of the shooting.

Dated: August 3, 2017                 Respectfully submitted,

                                          JOEL R. LEVIN
                                          Acting United States Attorney

By:    /s/ *Georgia N. Alexakis*
        GEORGIA N. ALEXAKIS
        ERIKA L. CSICSILA
        Assistant United States Attorneys
        219 S. Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        Tel: (312) 353-5300
        Fax: (312) 886-0657