IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 16 CR 590 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| MARCO PROANO | ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
<u>CONSOLIDATED MOTIONS *IN LIMINE*</u>**

NOW COMES the Defendant, Marco Proano, by and through his attorney, Daniel Q. Herbert, and respectfully submits his Response to the Government's Consolidated Motions *in Limine*:

In this case, the government filed seven (7) motions *in limine*. *See* Dkt. No. 77. Defendant Proano does not object to the government's motions *in limine* numbers IV and VII.

**Motion *in Limine* No. I:**   **Defendant Should be Precluded from Relying on an Illinois Law Concerning Circumstances Under Which an Officer May Use Deadly Force.**

The government seeks to preclude Defendant from referencing Illinois state law, 720 ILCS 5/7-7, peace officer's use of force in making arrest, that delineates specific instances under which a police officer may use deadly force, as well as any training Defendant may have received regarding its existence. *See* Dkt. No. 77 at 2-3. The government argues that any evidence or statements expressly referring to the state law is irrelevant to the federal charges, will confuse the germane issues, and will mislead the jury. *See* Dkt. No. 77 at 2. Defendant objects to the government's motion *in limine* I.

The government argues that the Illinois statute is irrelevant to the federal charges Defendant faces here and express reference to state law will only serve to confuse the jury because not all of the scenarios in the Illinois law apply. *See* Dkt. No. 77 at 4. Therefore,

1

according to the government, "wholesale references to the Illinois state law at trial therefore run the risk of introducing evidence not pertinent to the facts here." *See* Dkt. No. 77 at 4. As an initial matter, the evidence the government seeks to preclude Defendant from introducing is some of the subject matter it anticipates to elicit through the testimony of Larry Snelling and Andrea Hyfantis. *See* Gov't Witness Discl., attached hereto as Exhibit A at 3-4, 5-6. The government maintains that not all of the scenarios set forth in the Illinois law, as permissible uses of deadly force, apply to the instant matter, yet both Snelling and Hyfantis' anticipated testimony discusses all of these scenarios.

Moreover, in order for the jury to assess the reasonableness of Defendant's actions, it must be informed on what Illinois law permits an officer with respect to the use of deadly force. Illinois law provides for the use of deadly force when the person to be arrested is attempting to escape by use of a deadly weapon. Here, the reversing Toyota was being used as a deadly weapon. The government argues that Defendant will not be prejudiced from precluding evidence or statements that expressly refer to the state law because he may introduce evidence regarding the general principles underlying this state law. *See* Dkt. No. 77 at 6. Defendant does not know what the government means by "general principles" however Defendant maintains that he should be permitted to rely on 720 ILCS 5/7-7 concerning the circumstances under which an officer may use deadly force.

**Motion *in Limine* No. II:     Defendant Should be Prohibited from Eliciting Testimony or Making Arguments Referencing Gangs.**

The government seeks to prevent Defendant from eliciting testimony or making arguments referencing gangs because there is no evidence connecting any of the victims or any of the passengers in the Toyota to gangs or gang-related activity. The government is incorrect in asserting that there is no link whatsoever between gangs and the teenagers in the Toyota as the

2

evidence tendered to Defendant from the government definitively proves the opposite. *See* Dkt No. 77 at 7. As will be discussed below, multiple occupants of the Toyota are documented gang members of Black P Stones.

1. J. G. was a member of "NO LIMIT 150," a gang located in the area of 78th and Essex, on the East side of Rainbow Beach. *See* Exhibit B, FBI 302 interview of Grant, at 3. Furthermore, Grant had a tattoo above his right eye, "NLMB#150" with a "+" symbol overlapping the "0," which Grant said made him a target. *Id*.

2. Victim B was affiliated with Black P Stones, Black P Stones/No Limit, No limit Muskegon Boy, and the Gangster disciples. *See* Exhibit C, Arrest Profile of Victim B.

3. K. B. was affiliated with the Black P Stones/No Limit gang. *See* Exhibit D, Arrest Profile of K. B.

4. D. B. was affiliated with the Black P Stones/Outlaw City and Black P Stones gangs. *See* Exhibit E, Arrest Profile of D.B.

5. M. H. was affiliated with the Black P Stones. *See* Exhibit F, Arrest Profile of Malik.

As there is an overwhelming amount of evidence connecting the passengers of the Toyota to gangs, this Court should deny the government's motion *in limine* to prohibit Defendant from making any statements or arguments referencing gangs at trial and permit such testimony. Additionally, Defendant should be permitted to elicit testimony regarding his involvement in investigating gangs or responding to gang activities in that area.

**Motion *in Limine* No. III:**     **This Court Should Exclude Evidence and Argument Concerning Lawfulness and Non-Corrupt Conduct.**

The government argues that Defendant should be precluded from eliciting testimony that on other occasions he did good police work; was nice and non-abusive to arrestees; and received commendations for particular arrests, investigations, or other law enforcement accomplishments

because such evidence would be inadmissible under Rule 405(a). *See* Dkt. No. 77 at 8. Defendant does not intend on eliciting testimony that on other occasions he did good police work; was nice and non-abusive to arrestees; and received commendations for particular arrests, investigations, or other law enforcement accomplishments. Defendant anticipates on eliciting testimony concerning a previous incident involving the use of deadly force similar to the incident at issue but does not offer this testimony to prove that he acted lawfully on the occasion alleged in the indictment. Rather, this testimony is being elicited as it goes to the very heart of the instant matter, that being whether Defendant willfully intended to deprive Victims A and B of their constitutional rights.

**Motion *in Limine* No. IV:** **This Court Should Bar Defendant from Making Reference to Punishment or Collateral Consequences of Conviction, Including Defendant's Potential Termination or Resignation from CPD.**

Defendant has no objection to the government's position on referencing punishment or collateral consequences of conviction.

**Motion *in Limine* No. V:** **Argument or Questioning about the Government's Motivation for Investigating or Prosecuting this Case Should be Precluded.**

The government seeks to preclude Defendant from raising any argument or questioning about the government's motivation for investigating or prosecuting this matter. *See* Dkt. No. 77 at 10-11. Defendant objects to the government's motion *in limine* no. V. As an initial matter, in light of recent testimony, it appears that a criminal investigation and prosecution into this incident occurred based upon a special agent's dissatisfaction with an administrative agency's opinion that the force used was reasonable.

The government improperly puts no limits on inquiries into the motivation of witnesses. According to the Government, *United States v. Goulding*, 26 F.3d 656, 657 (7th Cir. 1994),

4

stands for the premise that inquiry into the mental states of investigating officers is off limits and irrelevant to determining the factual guilt or innocence of a defendant. However, *Goulding* is not as broad as the government contends. The Seventh Circuit reasoned that the trial court's rulings pertaining to government misconduct were not erroneous because the defendant "was not prevented from cross examining any witnesses regarding an animus against him." *Goulding*, 26 F.3d at 667. It is well-established that "[p]roof of bias or motive to lie is admissible impeachment evidence." *United States v. Salem*, 578 F.3d 682, 686 (7th Cir. 2009) (citations omitted) ("[A]n accused may introduce evidence that an officer has committed misconduct where it can be used to impeach a witness."). Accordingly, the governments motion *in limine* no. V should be denied.

**Motion *in Limine* No. VI:     Defendant Should be Precluded from Making Any Argument Regarding Witnesses Not Called by Either Party.**

While Defendant agrees with the government's general proposition, it is his understanding that two of the teenagers in the Toyota are deceased. Defendant believes that the jurors need to be informed that two of the individuals are deceased and that is why they are not being called as witnesses. Defendant is willing to have this evidence entered through testimony, stipulation, or some other means that this Court accepts. Defendant should not be precluded from eliciting testimony or evidence concerning these two individuals.

**Motion *in Limine* No. VII:     The Court Should Not Permit References to Any Discovery Disputes in the Jury's Presence.**

Defendant has no objection to the government's position on prohibiting references to any discovery dispute in the jury's presence.

Dated: August 3, 2017                                                                                   Respectfully Submitted,

Daniel Q. Herbert

By: /s/ Daniel Q. Herbert<br>
Daniel Q. Herbert<br>
Law Offices of Daniel Q. Herbert & Associates<br>
206 S. Jefferson, Suite 100<br>
Chicago, IL 60661<br>
312-655-7660<br>
dan.herbert@danherbertlaw.com<br>
Attorney No. 6273940

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 3, 2017, he caused a copy of the foregoing **Defendant's Response to the Government's Consolidated Motions *In Limine*** to be filed electronically with the Clerk of the Court through CM/ECF, which will send notification of such filing to all counsels of record.

/s/ Daniel Q. Herbert

Daniel Q. Herbert