UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCO PROANO | No. 16 CR 590<br><br>Judge Gary Feinerman |

**GOVERNMENT'S SUPPLEMENTAL FILING**

The UNITED STATES OF AMERICA, by its attorney, JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, respectfully directs the Court's attention to the following case law:

1. First, in further support of its position that Sergeant Snelling's testimony regarding defendant's training—including training on police department policies—is relevant to defendant's state of mind, as articulated in its Response to Defendant's Motions *in Limine* (Doc. 86) and during the August 10, 2017, pre-trial conference, the government draws the court's attention to the following cases:

    a. *United States v. Brown*, 654 Fed. Appx. 896 (10th Cir. 2016). In *Brown*, a 18 U.S.C. § 242 case, the defendants challenged testimony involving use-of-force training. *Id*. The Tenth Circuit found that a training officer's testimony was "helpful in determining whether the Defendants acted willfully," and cited *United States v. Rodella*, 804 F.3d 1317, 1338 (10th Cir. 2015) for the proposition that evidence of the official training the defendant received was relevant to show willfulness. *Id*. at 904. In making the finding, the Tenth Circuit noted that "[h]is

1

testimony was not admitted to establish what level of force is constitutionally permissible . . . it was admitted to show Defendants' willfulness." *Id*. "That Defendants disregarded their training on the appropriate use of force is admissible to show that Defendants acted willfully." *Id*.

      b.    *United States v. Dise*, 763 F.2d 586 (3rd Cir. 1985): In *Dise*, another 18 U.S.C. § 242 case, the Third Circuit found that there was sufficient evidence to sustain a conviction, and in particular to establish defendant's state of mind, where "[t]he jury could have found [the defendant] knew his conduct was illegal." *Id*. at 588. *Dise* explained that "this conclusion might have been derived from the evidence that . . . he received training as to proper responses to inmate behavior." *Id*.

      c.    *United States v. Brown*, 250 F.3d 580 (7th Cir. 2001). In *Brown*, two police officers were charged with violating § 242 after using force against a truck driver. *Id*. at 582-84. Following the incident with the truck driver, the officers did not report the use of force, as required by his police department's policies and procedures. *Id*. at 584, 587. At trial, the district court declined to instruct the jury on police procedures, specifically, that the failure to file a police report did not itself constitute a violation of the victim's rights. *Id*. The Seventh Circuit found no error by the district court, noting that "the government never argued such a theory" and instead "pointed to defendants' failure to file a police report as evidence of the defendants' intent." *Id*. Indeed, the Seventh Circuit noted that evidence of the officers' failure to file a police report—i.e., to comply with a departmental policy—constituted evidence

that "defendants intended to deprive [the victim] of his right to be free from excessive use of force." *Id.* at 586 ("Most tellingly, [defendants] failed to file a police report about the . . . incident, which the Gary police department requires when an officer injures a civilian in the course of his duties or is injured himself.").

2.  *United States v. Brown*, 250 F.3d 580 (7th Cir. 2001) is instructive on another topic before this Court. Defendant has proposed multiple jury instructions regarding a "good faith" defense tied to an Illinois statute that outlines instances under which a police officer may use deadly force. *See, e.g.,* Doc. 79 at 5, 10. In *Brown*, the district court denied defendants' request for an instruction on the circumstances that justify police use of deadly force. *Id.* at 587. The Seventh Circuit affirmed that decision and in so doing, addressed the limited circumstances under which a defendant is entitled to instructions on its case theory, including only if "the defense theory is not part of the charge." *Id.* In this case, defendant's proposed good-faith defense is being offered to negate the specific intent requirement of a § 242 offense – in other words, the defense theory is already part of the charge. Good-faith instructions are therefore unwarranted.

3.  In this respect, *Brown* is consistent with other courts finding that there is no good-faith exception to the Fourth Amendment's "objective reasonableness" standard. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 397 (1989) ("An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; *nor will an officer's good intentions make an objectively unreasonable use of force constitutional.*") (emphasis added); *Wilson v. Williams*, 83

3

F.3d 870, 877 (7th Cir. 1996) (in a § 1983 excessive force case, reversing the jury verdict because the district court improperly instructed the jury on a good faith defense and holding that such a defense was incompatible with the objective test for excessive force claims").

        Respectfully submitted,
        JOEL R. LEVIN
        Acting United States Attorney

By:   */s/ Erika L. Csicsila*
      GEORGIA N. ALEXAKIS
      ERIKA L. CSICSILA
      Assistant United States Attorneys
      219 S. Dearborn Street, Fifth Floor
      Chicago, Illinois 60604
      (312) 353-5300

Dated: August 15, 2017