IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 16 CR 590 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| MARCO PROANO | ) | |

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION**

Now comes the Defendant, Marco Proano, by and through his attorney, Daniel Q. Herbert, from the Law Offices of Daniel Q. Herbert & Associates, and respectfully submits to the Court his supplemental proposed jury instruction.

Dated: August 18, 2017                                            Respectfully Submitted,


By: /s/ Daniel Q. Herbert
Daniel Q. Herbert
Law Offices of Daniel Q. Herbert & Associates
206 S. Jefferson, Suite 100
Chicago, IL 60661
312-655-7660
dan.herbert@danherbertlaw.com
Attorney No. 6273940

The third element that the government must prove beyond a reasonable doubt is that the defendant acted willfully. An act is done willfully if it is done voluntarily and intentionally, with the specific intent to do something the law forbids. In this case, it means with the specific intent to deprive Victim A and Victim B of their rights not to be subjected to unreasonable force.

A defendant acts willfully if he acts in open defiance or in reckless disregard of a constitutional requirement. The defendant need not have been thinking in constitutional terms, and you may find that defendant acted with the required specific intent even if you find that he had no real familiarity with the particular Constitutional right involved. You must, however, find that the defendant intended to do what the Constitution forbids.

Defendant Instruction No.

10-cr-670 (modified)

Good faith on the part of the defendant is inconsistent with willfulness, an element of the charge. The burden is not on the defendant to prove his good faith; rather, the government must prove beyond a reasonable doubt that the defendant acted with willfulness.

Defendant Instruction No.

10-cr-670